**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3953

_____

DAVID ANTONIO GOMEZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A046-051-353)
Immigration Judge: Hon. Walter A. Durling

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2015

Before: CHAGARES, JORDAN, and VANASKIE, <u>Circuit Judges</u>.

(Opinion Filed: February 18, 2015)

_____

OPINION[*]

_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Antonio Gomez petitions for review of a final order of removal issued by the Board of Immigration Appeals (the "Board"). For the reasons that follow, we will deny the petition.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. Gomez is a citizen of the Dominican Republic. He was admitted to the United States as a lawful permanent resident ("LPR") on or about August 24, 1996. In June 2006, he was convicted in Berks Magisterial District Court in Berks County, the Commonwealth of Pennsylvania, for the offense of Retail Theft. In June 2011, Gomez was convicted in the Court of Common Pleas of Lehigh County, Commonwealth of Pennsylvania, for the offense of Altered, Forged or Counterfeit Documents or Plates, a misdemeanor of the first degree, in violation of 75 Pa. Cons. Stat. § 7122(3). In August 2012, he was convicted in the Court of Common Pleas of Lebanon County, Commonwealth of Pennsylvania, for the offense of Theft by Unlawful Taking or Disposition, a misdemeanor of the first degree.

As a result, Gomez was charged with removability pursuant to the Immigration and Nationalization Act ("INA") § 237(a)(2)(A)(ii) as an alien who had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct following his admission to the United States. In January 2013, the Department of Homeland Security filed a Form I-261 alleging an additional charge of inadmissibility/deportability against Gomez, charging that he was also removable pursuant to INA § 237(a)(2)(A)(iii) as an alien who had been convicted of an aggravated

2

felony under INA § 101(a)(43)(R) ("an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year"). At a hearing on January 22, 2013, Gomez, through counsel, filed an application for cancellation of removal as an LPR pursuant to INA § 240A(a). He amended his prior pleadings to state that he would not contest the original Notice to Appear filed by the Government, but would contest the aggravated felony charge of removability lodged in the Form I-261.

The matter was continued to allow the parties to brief whether Gomez's 2011 conviction for Altered, Forged or Counterfeit Documents or Plates, in violation of 75 Pa. Cons. Stat. § 7122(3), for which he received a sentence of more than one year of incarceration, qualified as an aggravated felony. At a hearing in April 2013, the Immigration Judge ("IJ") agreed with the Government that Gomez's 2011 offense was a crime related to forgery and that the Government had met its burden of proof to establish by clear and convincing evidence that the offense qualified as an aggravated felony under INA § 101(a)(43)(R) and Gomez was thus ineligible for cancellation of removal. The IJ rendered an Oral Decision ordering Gomez removed from the United States to the Dominican Republic.

Gomez appealed to the Board. The Board agreed with the IJ that Gomez had been convicted of an aggravated felony and dismissed the appeal. Gomez timely appealed.

## II.

The IJ had jurisdiction over Gomez's original removal proceeding pursuant to 8 U.S.C. § 1229(a), and the Board had jurisdiction to consider Gomez's appeal pursuant to

3

8 C.F.R. § 1003.1(b)(3).  We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to consider "'questions of law raised upon a petition for review,' including petitions for review of removal orders based on aggravated felony convictions."  Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005) (quoting 8 U.S.C. § 1252(a)(2)(D)).  Because the interpretation of criminal provisions "is a task outside the [Board's] special competence and congressional delegation . . . [and] very much a part of this Court's competence," our review is de novo. Id.

### III.

This case involves determining whether Gomez's 2011 conviction for Altered, Forged or Counterfeit Documents or Plates, in violation of 75 Pa. Cons. Stat. § 7122(3), qualifies as an aggravated felony under INA § 101(a)(43)(R) ("an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year").  To do so, we apply the "formal categorical approach," which requires us to "'look to the elements of the statutory state offense, not to the specific facts [of the case], reading the applicable statute to ascertain the least culpable conduct necessary to sustain conviction under the statute.'"  Bautista v. Att'y Gen. of U.S., 744 F.3d 54, 61 (3d Cir. 2014) (quoting Aguilar v. Att'y Gen. of U.S., 663 F.3d 692 695 (3d Cir. 2011)).

Under 75 Pa. Cons. Stat. § 7122(3), "[a] person is guilty of a misdemeanor of the first degree if the person, with fraudulent intent . . . has possession of, sells or attempts to sell, uses or displays a certificate of title, registration card or plate, driver's license, inspection certificate proof of financial responsibility or any other document issued by

4

the department, knowing it to have been altered, forged or counterfeited." Here, the Board agreed with the IJ that this offense qualified categorically as an offense "relating to . . . forgery" under INA § 101(a)(43)(R).

Gomez argues that a false making is part of the definition of forgery, and so a person cannot be guilty of forgery under a statute that, like 75 Pa. Cons. Stat. § 7122(3), does not require a false making. Further, he asserts that the catch-all phrase "relating to" must have some limits and that these limits should include that a criminal statute "related" to a primary offense should "embody the essential elements of the primary crime." Gomez Br. 14. He therefore asserts that a statute that does not require a false making cannot be considered "related to" forgery.

In Bobb v. Att'y Gen. of U.S., we observed that INA § 101(a)(43)(R) is not limited to "a straightforward forgery offense because Congress drafted subsection (R) more expansively, including offenses 'related to . . . forgery.'" 458 F.3d 213, 219 (3d Cir. 2006). Therefore, the subsection "encompasses conduct beyond the traditional definition of forgery, and includes criminal conduct that is causally connected to forgery, but may lack" an essential element of that crime. Id. (holding that the subsection does not necessarily require a statute to have the essential forgery element of an intent to defraud or deceive). Similarly, the Board here determined that the statute at issue could be "related to" forgery despite not requiring the false making that is an essential element of forgery.

Further, the Board determined that the statute at issue was indeed "causally connected" to forgery, and therefore qualified as a crime "related to" forgery under INA

5

§ 101(a)(43)(R). We agree with the Board that 75 Pa. Cons. Stat. § 7122(3) is "causally connected to" forgery and thus "relates to" forgery under INA § 101(a)(43)(R). See, e.g., Yong Wong Park v. Att'y Gen. of U.S., 472 F.3d 66, 72 (3d Cir. 2006) (determining that a conviction for trafficking or knowingly using counterfeit items was an aggravated felony because it constituted an offense "relating to counterfeiting" under subsection (R)). As a result, Gomez's conviction qualities as an aggravated felony.

IV.

For the foregoing reasons, we will deny Gomez's petition for review.